Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
4445 E. Holmes Ave., Suite 107
Mesa, AZ 85206-3398
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Dorothy L. Isham,** | No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| **Gurstel, Staloch & Chargo, P.A.,** | |
| Defendant. | (Jury Trial Demanded) |

Plaintiff alleges as follows:

### I. Preliminary Statement

1. Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. (hereinafter "FDCPA"). In the course of attempting to collect a debt allegedly owed by Plaintiff, Defendant engaged in deceptive, unfair and/or abusive debt collection

1    practices in violation of the FDCPA.  Plaintiff seeks
2    to recover actual damages, and statutory damages, as
3    well as reasonable attorney's fees and costs.

## II.  Statutory Structure of FDCPA

5  2. Congress passed the FDCPA to eliminate abusive debt
      collection practices by debt collectors, to insure
      that those debt collectors who refrain from using
      abusive debt collection practices are not
      competitively disadvantaged, and to promote consistent
      state action to protect consumers against debt
      collection abuses. FDCPA § 1692.
12 3. The FDCPA is designed to protect consumers who have
      been victimized by unscrupulous debt collectors
      regardless of whether a valid debt exists.  <u>Baker v.
      G.C. Services Corp.</u>, 677 F.2d 775, 777 (9th Cir.
      1982).
17 4. The FDCPA defines a "consumer" as any natural person
      obligated or allegedly obligated to pay any debt.
      FDCPA § 1692a(3).
20 5. The FDCPA defines "debt" as any obligation or alleged
      obligation of a consumer to pay money arising out of a
      transaction in which the money, property, insurance,
      or services which are the subject or the transaction
      are primarily for personal, family, or household
      purposes.  FDCPA § 1692a(5).

1  6.   The FDCPA defines "debt collector' as any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.  FDCPA § 1692a(6).

7.   Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damage sustained; statutory damages up to $1,000; attorney's fees as determined by the Court and costs of the action. FDCPA § 1692k.

### III.  Jurisdiction

8.   Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. §1337.  Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

### IV.  Parties

9.   Plaintiff is an individual and resident of Maricopa County, Arizona.

10.  Plaintiff is allegedly obligated to pay a consumer debt.

11.  Plaintiff is a "consumer" as defined by FDCPA §

- 3 -

1 | 1692a(3).
2 | 12. Defendant Gurstel, Staloch & Chargo, P.A. (hereinafter
3 | "Gurstel") is a Minnesota corporation doing business
4 | within the State of Arizona.
5 | 13. Gurstel regularly collects or attempts to collect
6 | debts owed or asserted to be owed or due another.
7 | 14. Gurstel is a "debt collector" as defined by FDCPA §
8 | 1692a(6).

**V.   Factual Allegations**

10 | 15. Several years prior, Plaintiff opened and used a
11 | credit card issued by Bank of America.
12 | 16. Plaintiff used the credit card for personal, family,
13 | and household purposes.
14 | 17. In or about December 2006, someone other than
15 | Plaintiff apparently ordered a new credit card from
16 | Bank of America on Plaintiff's account and used it for
17 | purchases totaling $15,000.
18 | 18. Upon receipt of the first billing statement from Bank
19 | of America, Plaintiff notified Bank of America of the
20 | unauthorized and illegal charges made to her account.
21 | 19. Despite Plaintiff's repeated disputes to Bank of
22 | America, Bank of America has continued to attempt to
23 | collect the credit card balance from Plaintiff by
24 | sending the account to third parties, including
25 | Defendant Gurstel.

20. Plaintiff also filed a police report with the Phoenix Police Department concerning the illegal use of her credit card account.
21. Plaintiff wrote Bank of America numerous times notifying it of the dispute, giving it the Police Report number, and requesting that Bank of America provide them with copies of all records associated with the disputed and illegal charges made to her account.
22. Bank of America never provided Plaintiff with any documentation concerning the disputed and illegal charges made to the account, but rather assigned the account to Defendant Gurstel for collection purposes.
23. Gurstel sent Plaintiff a collection letter dated November 4, 2008 concerning the alleged Bank of America debt.
24. After receiving the November 4, 2008 letter, Plaintiff wrote Gurstel a letter dated November 16, 2008 notifying Gurstel that it was the result of fraud and that the debt was disputed.
25. In Plaintiff's November 16, 2008 letter, she also notified Gurstel to cease all contact with her concerning the Bank of America debt and that she refused to pay the alleged debt.
26. Plaintiff also stated in her November 16, 2008 letter

| | |
|---|---|
| 1 | that she was represented by counsel and gave Gurstel |
| 2 | her attorney's name and address. |
| 3 | 27. Subsequent to mailing the November 16, 2008 letter to |
| 4 | Gurstel, Plaintiff received two phone calls from |
| 5 | Gurstel concerning the Bank of America debt. |
| 6 | 28. On December 6, 2008, Plaintiff sent Gurstel a second |
| 7 | letter, and enclosed a copy of the November 16, 2008 |
| 8 | letter. |
| 9 | 29. The December 6, 2008 letter and enclosure were mailed |
| 10 | by certified mail, which Gurstel received on December |
| 11 | 8, 2008. |
| 12 | 30. Despite having been given written notice twice that |
| 13 | Plaintiff was represented by an attorney, Gurstel |
| 14 | continued to telephone her in an attempt to collect |
| 15 | the Bank of America debt. |
| 16 | 31. On April 6, 2009, Gurstel telephoned Plaintiff again |
| 17 | concerning the Bank of America debt. |
| 18 | 32. During this call, Plaintiff told Gurstel's collector |
| 19 | that she had taken care of this debt with her lawyer, |
| 20 | to which the collector stated "Oh no you have not. You |
| 21 | owe $23,000 and this is not going to go away." |
| 22 | 33. Plaintiff then told the Gurstel collector to contact |
| 23 | her lawyer and then hung up. |
| 24 | 34. Two days later, on April 8, 2009, Gurstel's collector |
| 25 | called Plaintiff again. |

- 6 -

1  35. During this call, the Gurstel collector stated ". . .
2      the calls are not going to stop.  Pretty soon they are
3      going to have someone knocking on your door to serve
4      you papers.  Don't you want to resolve this
5      voluntarily?"
6  36. When Plaintiff reminded the Gurstel collector that she
7      had an lawyer representing her concerning this debt,
8      and that the debt is the result of fraud, the
9      collector continued her collection efforts telling
10     Plaintiff "They keep passing it along as though its
11     yours."
12 37. At no time during the April 6 or April 8, 2009 calls
13     did the collector inform Plaintiff that she was a debt
14     collector as required by 15 U.S.C. § 1692e(11).
15 38. During the April 8, 2009 call, the Gurstel collector
16     represented that Gurstel had been retained by NCO, but
17     its letters state that Gurstel represents FIA Card
18     Services, N.A.
19 39. On April 9, 2009, Gurstel sent Plaintiff directly a
20     letter and an questionnaire and affidavit asking her
21     to complete and return it to Gurstel.
22 40. As a result of Defendant's actions as outlined above,
23     Plaintiff had suffered damages including, but not
24     limited to, emotional distress.
25 41. Defendant's actions taken here were intentional,

```
 1      willful, and in gross or reckless disregard of
 2      Plaintiff's rights and part of its persistent and
 3      routine practice of debt collection.
 4  42. In the alternative, Defendant's actions were
 5      negligent.
```

## VI.   Causes of Action

### a.   Fair Debt Collection Practices Act

```
 8  43. Plaintiff repeats, realleges, and incorporates by
 9      reference the foregoing paragraphs.
10  44. Defendant's violations of the FDCPA include, but are
11      not necessarily limited to, 15 U.S.C. §§ 1692c,
12      1692c(a)(2), 1692c(c), 1692d, 1692e, and 1692e(2)(A),
13      1692e(5), 1692e(10), and 1692g.
14  45. As a direct result and proximate cause of Defendant's
15      actions in violation of the FDCPA, Plaintiff has
16      suffered actual damages.
```

## VII.   Demand for Jury Trial

Plaintiff hereby demands a jury trial on all issues so triable.

## VIII.   Prayer for Relief

WHEREFORE, Plaintiff requests that judgment be entered against Defendant for:

a)   Statutory damages of $1,000 pursuant to §1692k;

b)   Actual damages in an amount to be determined by trial;

1  c)   Costs and reasonable attorney's fees pursuant to
2       §1692k; and
3  d)   Such other relief as may be just and proper.

5  DATED    April 14, 2009    .

                              s/ Floyd W. Bybee

                              Floyd W. Bybee, #012651
                              **BYBEE LAW CENTER, PLC**
                              4445 E. Holmes Ave., Suite 107
                              Mesa, AZ 85206-3398
                              Office:  (480) 756-8822
                              Fax: (480) 302-4186
                              floyd@bybeelaw.com

                              Attorney for Plaintiff